24 C.C.P.A.(Patents)

### In re CIRVES.

Patent Appeal No. 3758.

Court of Customs and Patent Appeals.

Jan. 25, 1937.

Lester A. Stanley, of Washington, D. C. (Munn, Anderson & Liddy, of New York City, and Harry E. Seidel, of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Appellant has here appealed from a decision of the Board of Appeals of the United States Patent Office, which affirmed the decision of the Primary Examiner in denying patentability, in view of the prior art, of claim 10 of appellant's application for a patent relating to a process for bleaching pulp such as is used in the manufacture of paper. The examiner rejected claims numbered 10 and 11, but, upon appeal to the Board of Appeals, the decision of the examiner as to claim 11 was reversed.

Claim 10 reads as follows: "10. A process of bleaching pulp for the manufacture of paper which comprises thoroughly mixing fibrous pulp with hydrated lime and then injecting free liquid chlorine into the mixture of the pulp and lime while the mixture is being agitated, the quantity of chlorine injected being from two to twenty-five per cent of the weight of the pulp, the approximate proportions of chlorine and lime being 1 to 1.5 so that an alkaline condition will be maintained during the bleaching action."

The following references were listed by the examiner and by the board:

Marsden, 1515691, November 18, 1924.
Donk et al. 1550518, August 18, 1925.
Broderick, 1792805, February 17, 1931.
Davies, 1953076, April 3, 1934.
Potter (British) 2097 of 1864.

But the patent to Donk et al. and the patent to Davies were the only ones referred to by the tribunals below.

The application of appellant discloses an apparatus for carrying out applicant's process. One of the main parts of the apparatus is a beater which is shown in two embodiments. The beater thoroughly agitates and breaks up the fibers. In the pulp tank, and adjacent to the beater roll or propeller, while the pulp is under great agitation, an alkaline reagent, such as lime, is added to the mixture, and liquid chlorine is also injected into the pulp container at the point of greatest agitation. The claim under consideration specifies that chlorine consisting of from 2 to 25 per centum of the weight of the pulp should be added while the mixture "is being agitated."

The patent to Marsden relates to a process of purifying and bleaching textile fabrications and shows that gaseous chlorine in the presence of an alkaline solution is the material used.

The Broderick patent relates to a method of treating fibrous materials such as sawdust, and teaches that the same may be deodorized, sterilized, and bleached by the use of an alkaline solution and chlorine gas. The sawdust is passed under a sprayer containing the chemicals.

The British patent to Potter is concerned with bleaching fibrous substances in which a suitable acid in solution is used and, as a later stop, chlorine is admitted and passed through the fibrous substances while the same are in a vacuum.

The Donk et al. patent relates to bleaching washed goods and a gaseous chlorine is introduced direct to the goods in the presence of alkali. The patentee also states that liquid chlorine has been proposed.

The Davies patent is the most pertinent reference. Liquid chlorine is used. The specification states: " * * * Said chlorine is being used without any lime directly in contact with the pulp and without injury to the pulp,—that is, I have discovered that said chlorine may be used without any lime without injury to the pulp. Also, I have discovered that it is not necessary to have agitation of the pulp as was heretofore the case when calcium or solium hypochlorite was employed. Since it is not necessary to continuously agitate the pulp when using the chlorine in liquid form, as herein set forth, the process which I have discovered is more easily adapted to continuous operation and with material at a comparatively low density, about 3%. * * *"

Davies' specification and drawing shows that chlorine is admitted to the feed line which carries the pulp mixture and that it comes into the mixing tank at a point remote from where the chlorine first comes in contact with the pulp. The patent suggests that "a most thorough inter-mixing results" by reason of the fact that there is high velocity in the flow of the pulp from the pump.

In affirming the decison of the examiner as to claim 10, the board said: "Appellant's main argument is concerned with the introduction of the liquid chlorine into the beater of the paper manufacturing machine where there is a thorough mixture and agitation of the fibrous pulp. Claim 11 is directed to this feature and we do not find the prior art suggesting such an operation. Donk is concerned with laundering clothes and Davies uses additional stages for full bleaching. Appellant claims to get good results in one operation if the chlorine is introduced into the beater. Claim 10, however, describes the injection of the liquid chlorine into the mixture of pulp and lime while the mixture is being agitated. It is our opinion this does not distinguish from Davies in which the liquid chlorine is introduced in the pulp while in motion."

Appellant in this court stresses the argument that the feature of agitation lends patentability to the claim over the prior art; that none of the references, including Davies', relied upon by the board, shows the introduction of chlorine liquid, or chlorine, in any other form, at a time when the mixture is being agitated; and urges that, by employing this important and necessary step, new and useful results are produced over any produced by the prior art.

We are in agreement with the contentions of the appellant. None of the prior art references discloses this feature of the claim or teaches its importance. Certainly the reference Davies does not teach it and, on the contrary, emphasizes the fact that agitation is not essential when chlorine in

liquid form is used. It is true that Davies implies that agitation in connection with the use of calcium or sodium hypochlorite had theretofore been regarded as essential.

Appellant's device, shown in two embodiments, is so constructed as to be capable of violently agitating the pulp mixture at the point in the tank where the chlorine is introduced. The term "agitate" is defined in Webster's New International Dictionary (1932) as follows: "to move with a violent, irregular action."

Under the circumstances above enumerated, we are of the opinion that the rejecttion on the part of the board of claim 10, upon the prior art shown in the record, was unwarranted. It is our view that there is at least sufficient doubt on the question to justify the allowance of the claim, and the decision of the Board of Appeals as to claim 10 is reversed.

Reversed.